**Rhanda FERNANDEZ, Plaintiff— Appellant,**

**v.**

**CITY AND COUNTY OF SAN FRANCISCO; Michael Hennessey, in his capacity as Sheriff of City and County of San Francisco; Aimeon Holsome, in his capacity as Deputy Sheriff for the City and County of San Francisco, Defendants—Appellees.**

**No. 03–16452.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2005.

Decided March 22, 2005.

Andrew C. Schwartz, Esq., Micha Star Liberty, Casper, Meadows, Schwartz, Walnut Creek, CA, for Plaintiff-Appellant.

Thom Seaton, Esq., Casper, Meadows and Schwartz, Walnut Creek, CA, Owen P. Martikan, Esq., Joanne M. Hoeper, Scott D. Wiener, Esq., San Francisco City Attorney's Office, San Francisco, CA, for Defendants-Appellees.

Before: HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM *

The district court properly granted summary judgment to the City and County of San Francisco on Appellant Rhanda Fernandez's 42 U.S.C. § 1983 claim, which arose out of Deputy Sheriff Aimeon Holsome's sexual relationship with her while she was incarcerated in the San Francisco County Jail. Holsome's repugnant actions might constitute a violation of Fernandez's Eighth Amendment right to be free from cruel and unusual punishment. However, even if there were a constitutional violation, the City and County of San Francisco is only liable if the City and County caused it. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Fernandez did not demonstrate a genuine issue of material fact as to whether the City and County of San Francisco was deliberately indifferent to Fernandez's Eighth Amendment rights, or whether its policy was the moving force behind Holsome's misconduct. *See City of Canton v. Harris*, 489 U.S. 378, 385, 388–91, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Oviatt v. Pearce*, 954 F.2d 1470, 1473–74 (9th Cir.1992). Accordingly, the district court's judgment is AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. FED. R.APP. P. 34(a)(2).